IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

LUTHER ONEAL SUTTER,                              )
                          PLAINTIFF,              )
                                                 )
v.                                               )
                                                 ) Case No.: 4:26-CV-436-BSM
TIMOTHY DAVIS FOX, in his individual capacity;   )
TIMOTHY DAVIS FOX, in his official capacity;     )
MICHAEL McCARTY HARRISON;                        )
FRIDAY ELDREDGE & CLARK, LLP:                    )
BRENDA KNOERNSCHILD; and STATE FARM              )
MUTUAL AUTOMOBILE INSURANCE COMPANY,             )
                          DEFENDANTS.             )

## MOTION TO DISMISS OF SEPARATE DEFENDANTS MICHAEL McCARTY HARRISION AND FRIDAY, ELDREDGE & CLARK, LLP

COME NOW Separate Defendants, Michael McCarty Harrison ("Harrison"), and Friday, Eldredge & Clark, LLP ("Friday Firm"), and for their Motion to Dismiss Plaintiff's Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6), state as follows:

1.      Separate Defendants move to dismiss the claims against them within Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) as the allegations therein fail to state facts upon which relief can be granted.

2.      Separate Defendant, Harrison, is an Arkansas attorney and a Partner at the Friday firm.

3.      Plaintiff, also a licensed attorney, filed his Complaint in this matter on May 1, 2026 against Harrison, the Friday firm, the Honorable Judge Tim Fox, State Farm Mutual Automobile Insurance Company, and its insured, Brenda Knoernschild, ("Knoernschild").

4.      Plaintiff's Complaint arises out of an underlying auto accident lawsuit (*Pamela Pfeiffer and Luther Sutter v. Brenda Knoernschild,* Pulaski County Circuit Court Case No. 60CV-22-6027), in which Harrison was representing Knoernschild, in connection with personal injury

1

claims filed by both the plaintiff in the present action and his spouse. *See* Plaintiff's Complaint ¶¶ 18-19.

5. The only claim or cause of action directed against Harrison in the present action is one for "defamation" found in "Count V." *See* Plaintiff's Compl., ¶¶ 155-57. The only claim against the Friday firm is based upon derivative liability stemming from the alleged statement or conduct of Harrison. *See* Plaintiff's Compl., ¶ 158.

6. "Count V" references a purported defamatory statement made by Harrison during a telephone call in June 2024 between Harrison and court staff. *See* Plaintiff's Compl., ¶¶ 48, 158.

7. Plaintiff specifically alleges that "shortly after [conducting] the [plaintiff's] deposition," Harrison engaged in an ex parte telephone call with "chambers personnel" in which she relayed that Plaintiff was "physically threatening her and physically intimidating her during [plaintiff's] deposition." *Id.*

8. Plaintiff filed his Complaint on May 1, 2026. The statute of limitations for slander claims in Arkansas is one (1) year from the date the alleged slanderous statement is made. *See* Ark. Code Ann. § 16-56-104(3).

9. Plaintiff's defamation claims against Harrison and the Friday law firm are time-barred as Plaintiff's Complaint was filed almost two years after the June 2024 statement was purportedly made by Harrison.

10. Plaintiff's Complaint establishes that any purported defamatory statement attributed to Harrison was made in the context of and in connection with deposition proceedings in the underlying auto accident lawsuit.

11. Accordingly, even if the Court finds that Plaintiff's claims are not time-barred, the claims against these Separate Defendants are nevertheless barred pursuant to Arkansas Attorney Immunity Statutes. *See* Ark. Code Ann. § 16-22-310 and Ark. Code Ann. § 16-114-303.

12. Plaintiff's claims against these Separate Defendants are similarly barred by the Absolute Attorney Privilege. *See*, *Pinkston v. Lovell*, 296 Ark. 543, 548, 759 S.W.2d 20, 23 (1988); s*ee also*, REST 2d TORTS §586 (1977).

13. Even when viewing the facts alleged in Plaintiff's Complaint as true and in the light most favorable to the plaintiff, the face of the Complaint demonstrates that Plaintiff's claims against these Separate Defendants fail as a matter of law and dismissal is warranted in accordance with Fed. R. Civ. P. 12(b)(6).

14. Separate Defendants file herewith a Brief in Support of this Motion.

**WHEREFORE**, premises considered, Separate Defendants, Michael McCarty Harrison and Friday, Eldredge & Clark, LLP, pray for an order dismissing Plaintiff's Complaint with prejudice, and for all other just and proper relief to which they may be entitled.

Respectfully submitted,


By: /s/ Jason J. Campbell
JASON J. CAMPBELL (#2001119)
DYLAN H. POTTS (#2001258)
**GILL RAGON OWEN, P.A.**

425 West Capitol Avenue, Suite 3800 Little Rock, Arkansas 72201
Phone: 501-376-3800
Fax: 501-372-3359
Email: jcampbell@gill-law.com
        dpotts@gill-law.com

3