IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

LUTHER ONEAL SUTTER,                           )
                    PLAINTIFF,                  )
                                               )
v.                                             )
                                               ) Case No.: 4:26-CV-436-BSM
TIMOTHY DAVIS FOX, in his individual capacity; )
TIMOTHY DAVIS FOX, in his official capacity;   )
MICHAEL McCARTY HARRISON;                      )
FRIDAY, ELDREDGE & CLARK, LLP:                 )
BRENDA KNOERNSCHILD; and STATE FARM            )
MUTUAL AUTOMOBILE INSURANCE COMPANY,           )
                    DEFENDANTS.                 )

---

**BRIEF IN SUPPORT OF MOTION TO DISMISS OF SEPARATE DEFENDANTS MICHAEL McCARTY HARRISION AND FRIDAY, ELDREDGE & CLARK, LLP**

---

Come now Separate Defendants, Michael McCarty Harrison ("Harrison") and Friday, Eldredge & Clark, LLP ("the Friday Firm"), and for their Brief in Support of Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), state:

## **INTRODUCTION**

Separate Defendant, Harrison, is an Arkansas attorney and a Partner at the Friday Firm. *See* Plaintiff's Complaint ¶¶ 18–21. Plaintiff, also a licensed attorney, filed his Complaint in this matter on May 1, 2026, against Harrison, the Friday Firm, the Honorable Judge Tim Fox, State Farm Mutual Automobile Insurance Company, and its insured, Brenda Knoernschild, ("Knoernschild"). The only claim or cause of action directed against Harrison in the Complaint is for "defamation" found in "Count V" beginning at page 32 of the Complaint. *See* Plaintiff's Compl., ¶¶ 48, 156–61. Specifically, "Count V" references a purported oral statement by Harrison to Court staff in June 2024 commensurate with the taking of the plaintiff's deposition in an underlying personal injury case. *Id.* The only reference to the Friday Firm within the Complaint is

found within Paragraph 158 which purports to assert a vicarious/derivative liability-based claim arising from the allegations against Harrison. *See* Plaintiff's Compl., ¶158.

Plaintiff's Complaint fails to state a cause of action against Harrison and the Friday Firm. Plaintiff's defamation claims are time-barred by the applicable one-year statute of limitations for slander. *See* Ark. Code Ann. §16-56-104(3). Additionally, Plaintiff's claims are barred under Arkansas' attorney immunity statutes. *See* Ark. Code Ann. § 16-22-310 and 16-114-203. Finally, the alleged conduct or actions of these defendants were privileged under the common-law doctrine of absolute attorney privilege as applied to attorneys involved in underlying litigation proceedings. *See Pinkston v. Lovell*, 296 Ark. 543, 759 S.W.2d 20 (1988).

## **FACTS**

As indicated in the Complaint, this action arises out of an underlying personal injury lawsuit styled as *Pamela Pfeiffer and Luther Sutter v. Brenda Knoernschild*, and docketed as Pulaski County Circuit Court Case No. 60CV-22-6027, (hereafter the "Related Litigation"). In that matter, Harrison represented Knoernschild in connection with personal injury claims filed by both the plaintiff in this present action and his spouse. *See* Plaintiff's Complaint, ¶¶ 18-21. Plaintiff entered a *pro se* appearance notice during the course of the Related Litigation. *See* "Entry of Appearance" filed October 19, 2022 in Case No. 60CV-22-6027; *See also*, ¶ 6 of the Court's Amended Order filed December 2, 2025, attached as Exhibit "B" to Plaintiff's Compl.

In her capacity as defense counsel in the Related Litigation, Harrison conducted depositions of the plaintiff and his spouse on **June 13, 2024**. *See* Plaintiff's Compl. ¶¶ 48-49; *see also* ¶ 9 of the Court's Amended Order filed December 2, 2025, attached as Exhibit "B" to Plaintiff's Compl. Plaintiff alleges in the present action that in "June 2024," and "shortly after the [plaintiff's] deposition," Harrison engaged in an *ex parte* telephone call with "chambers personnel"

in which she relayed that Plaintiff was "physically threatening her and physically intimidating her during [plaintiff's] deposition." *See* Plaintiff's Compl. ¶¶ 48–49, 52–53, 156–58.  Plaintiff's Complaint alleges the statement made during the June 2024 telephone call with chambers personnel was false and defamatory. *See* Plaintiff's Compl. ¶¶ 156–58.

## ARGUMENT

### A.    Legal Standard Under Rule 12(b)(6)

Dismissal of a plaintiff's complaint is appropriate when it fails to state facts upon which relief can be granted. Fed. R. Civ. P. 12 (b)(6). To survive a motion to dismiss, a complaint must contain sufficient facts which if accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The purpose of a motion to dismiss is to test the legal sufficiency of the complaint. *Id.* Conclusory allegations or legal conclusions unsupported by factual allegations are insufficient to defeat a Rule 12(b)(6) motion. *See Id.* at 664.

### B.    Plaintiff's Defamation Claims are Time Barred.

Dismissal under Rule 12(b)(6) is warranted when the face of the complaint reflects that claims or causes of action are barred by the statute of limitations. *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004). When the statute of limitations is raised as a defense, the defendant has the burden of affirmatively pleading the defense. *First Pyramid Life Ins. Co. v. Stoltz*, 311 Ark. 313, 317, 843 S.W.2d 842 (1992), *cert. denied*, 510 U.S. 908, 114 S. Ct. 290, 126 L.Ed.2d 239 (1993). When it is clear from the face of the complaint that the action is barred, the burden shifts to the plaintiff to prove by a preponderance of the evidence that the statute of limitations was, in fact, tolled. *Id*. at 317–18.

3

Defamation is a state law claim. *See Singer v. Harris,* 897 F.3d 970, 975 (8th Cir. 2018). When considering state law claims, federal courts must apply state statutes of limitations. *Settle v. Fluker*, 978 F.2d 1063, 1064 (8th Cir. 1992). Because Plaintiff's defamation claim arises under Arkansas law, Arkansas substantive law governs the necessary elements, accrual period, and applicable statute of limitations.

Defamation is the offense of injuring a person's character, fame, or reputation by false and malicious statements. *Parkman v. Hastings*, 259 Ark. 59, 61, 531 S.W.2d 481, 482 (1976). A claim for defamation requires the following elements: (1) the defamatory nature of the statement of fact; (2) that statement's identification of or reference to the plaintiff; (3) publication of the statement by the defendant; (4) the defendant's fault in the publication; (5) the statement's falsity; and (6) damages in the form of reputational injury. *Dodson v. Allstate Ins. Co*., 365 Ark. 458, 464, 231 S.W.3d 711, 716 (2006); *Faulkner v. Ark. Children's Hosp.*, 347 Ark. 941, 955–56, 69 S.W.3d 393, 402 (2002). "Irrespective of whether there are facts to demonstrate that appellees had actual malice toward Greenberg, an "allegedly defamatory statement must also imply an assertion of an *objective verifiable fact*." *Faulkner* v., 347 Ark. 941, 956, 69 S.W.3d 393, 402 (2002).  Moreover, Arkansas no longer recognizes the doctrine of defamation *per se*, which, under the common law, presumed damages to reputation. *Id*.

Defamation includes both libel and slander. *Parkman*, 259 Ark. at 61, 531 S.W.2d at 482. Libel is written defamation expressed in print, writing, pictures or signs. *Id.* However, slander is oral defamation; it is the speaking of false and malicious words concerning another, resulting in injury to reputation. *Id.*

Arkansas law imposes a strict one-year statute of limitations on claims for oral defamation (slander). Ark. Code Ann. § 16-56-104(3). The limitations period begins to run upon the

publication of the allegedly defamatory statement, not upon discovery. *Faulkner v. Ark. Children's Hosp.*, 347 Ark. 941, 946-47, 69 S.W.3d 393, 397-98 (2002); *Milam v. Bank of Cabot*, 327 Ark. 256, 262, 937 S.W.2d 653, 656 (1997). Arkansas courts do not apply a discovery rule to defamation; the claim accrues at the time of publication. *See Faulkner*, 347 Ark. at 946–47, 69 S.W.3d at 397–98; *Pinkston*, 296 Ark. at 548–49, 759 S.W.2d at 23–24.

In *Pinkston v. Lovell*, 296 Ark. 543, 759 S.W.2d 20 (1988), the Court affirmed summary judgment in favor of a defendant attorney where the plaintiff failed to file his slander action within one year of the alleged statements. *Id*. at 549, 759 S.W.2d at 23–24. There, the plaintiff filed suit in March 1987 for statements made in January 1986. The Court held that a cause of action for slander commences on the date the statements are made, concluding that the slander claim was barred as a matter of law. *Id.*

The Eastern District Court of Arkansas has recently addressed facts similar to the present case while dismissing slander claims pursuant to Arkansas's one-year limitations period. *See*, *Bakhaty v. CHI St. Vincent Hot Springs*, No. 4:24-CV-00757-LPR, 2025 WL 1568838 (E.D. Ark. June 3, 2025), In *Bakhaty*, *supra*, the plaintiff, a physician, alleged a series of defamatory statements made by other physicians between October 2022 and April 4, 2023. However, because the plaintiff did not initiate the action until April 19, 2024, fifteen days past the statutory deadline, the court found the claims were barred as a matter of law. *Bakhaty* reaffirms that when a complaint's own timeline reveals that the alleged slander occurred more than one year prior to filing, dismissal under Rule 12(b)(6) is appropriate.

Here, Plaintiff's Complaint asserts a defamation claim arising from an alleged *oral statement* purportedly made by Harrison to chambers personnel in **June 2024**, following Plaintiff's deposition. *See* Plaintiff's Complaint ¶¶ 48, 52–53, 156–58. Plaintiff did not file suit until **May 1,**

**2026**, nearly two years after the alleged statement. *See* Plaintiff's Complaint Pg. 1; *see also* Plaintiff's Complaint ¶156. From the face of the Complaint, Plaintiff's claims against Harrison and the Friday Firm are time-barred under the applicable one-year limitations period for slander. Accordingly, Plaintiff fails to state a cause of action against these defendants and dismissal is warranted under Rule 12(b)(6).

**C.**      **Plaintiff's Defamation Claims Against Harrison and the Friday Firm Are Barred Pursuant to Arkansas' Attorney Immunity Statutes.**

Even if Plaintiff's claims survive the threshold bar of the statute of limitations, they are nevertheless barred by Arkansas' attorney immunity statutes. See Ark. Code Ann. § 16-22-310 and Ark. Code Ann. § 16-114-303. The statutes are near mirror images and, in pertinent part, both provide:

> (a) No person licensed to practice law in Arkansas and no partnership or corporation of Arkansas-licensed attorneys or any of its employees, partners, members, officers, or shareholders shall be liable to persons not in privity of contract with the person, partnership, or corporation for civil damages resulting from acts, omissions, decisions, or other conduct in connection with professional services performed by the person, partnership, or corporation, except for:
>
> (1) Acts, omissions, decisions, or conduct that constitutes fraud or intentional misrepresentations;

The legislation is intended to protect attorneys and their law firms against actions filed by non-clients for actions performed in connection with the rendering of legal services to a client. *See Born v. Hosto & Buchan, PLLC*, 2010 Ark. 292, 5, 372 S.W.3d 324, 330 (2010).   The threshold requirement for statutory attorney immunity is that the moving party must be a person "not in privity of contract" with the defendant attorney or law firm. Ark. Code Ann. § 16-22-310(a). *See Nielsen v. Berger-Nielsen*, 347 Ark. 996, 69 S.W.3d 414, (2002).

The second requirement for statutory attorney immunity is that the challenged conduct must have occurred "in connection with professional services performed" by the attorney. Ark. Code Ann. § 16-22-310(a); *Born*, 2010 Ark. 292, at 5, 372 S.W.3d at 330. Arkansas courts have broadly interpreted the scope of professional services language within the statute. *See Born*, 2010 Ark. 292, at 12, 14-15, 372 S.W.3d at 333, 334 (upholding Rule 12(b)(6) dismissal of unfair debt collection, fraud and defamation claims under attorney immunity statute where debt collection agency also operated as a law firm).

Here, Plaintiff's Complaint establishes that no privity of contract existed between Plaintiff and these Defendants. The Complaint alleges that Separate Defendant State Farm retained Harrison and the Friday Firm "to defend State Farm's insured, Knoernschild, in related litigation." *See* Plaintiff's Compl. ¶¶ 18–19. The Complaint further states that Harrison acted "as Knoernschild's defense counsel." *Id.* at ¶ 20. Because Plaintiff was an adverse party in the underlying litigation and never a client of Harrison or the Friday Firm, lack of privity is established from the face of the pleadings.

Plaintiff's Complaint likewise establishes the professional services benchmark. Specifically, the Complaint states that the purported *ex-parte* telephone call to chambers staff occurred "shortly after the deposition of Sutter in the Related Litigation" and directly addressed Plaintiff's purported conduct *during* those deposition proceedings. *See* Plaintiff's Compl. ¶¶ 49, 158; *see also* Plaintiff's Compl. Exhibit "B." Accordingly, the face of the Complaint demonstrates these defendants are entitled to immunity pursuant to Ark. Code Ann. § 16-22-310(a).

While the attorney immunity statutes carve out a narrow exception to the privity requirement for "acts, omissions, decisions, or conduct that constitutes fraud or intentional misrepresentations," Arkansas courts have established that plaintiffs must plead more than

7

conclusory allegations to overcome attorney immunity under the exceptions within Ark. Code Ann. § 16-22-310 and § 16-114-303.  A complaint asserting an exception to attorney immunity must allege concrete, specific facts rather than "conclusory allegations." *See Born v. Hosto & Buchan, PLLC*, 2010 Ark. 292, 372 S.W.3d 324, (2010)(upholding 12(b)(6) dismissal where plaintiff's complaint attempted to circumvent attorney immunity based upon conclusory allegations of fraud). Similarly, in *Fleming v. Cox Law Firm*, 363 Ark. 17, 23, 210 S.W.3d 866, 870 (2005), the Supreme Court of Arkansas held that a heightened threshold of pleading is required to establish an exception to the attorney privilege as exposing attorneys to liability based on loose, generalized claims of bad faith would fatally compromise their duty of zealous advocacy. *Fleming*, 363 Ark. at 22, 210 S.W.3d at 869.

Similarly, in *Clark v. Ridgeway*, 323 Ark. 378, 914 S.W. 2d, 745 (1996), the Supreme Court of Arkansas granted summary judgment based upon attorney immunity despite the plaintiff's allegations that the defendant intentionally misrepresented neutrality in a divorce case. The court found "no factual basis for the conclusory allegation" that the attorney intentionally misrepresented his statement, noting that subsequent lawsuits "could not have been foreseen with any degree of certainty" when the alleged representation was made. *Clark*, 323 Ark. at 387.

The U.S. District Courts of Arkansas have gone even a step further in determining whether a plaintiff has sufficiently pled a basis for an exception to the attorney immunity statutes within the Complaint.  In *Hunter v. MidFirst Bank,* Case No. 4:21-cv-00362-LPR, 2021 WL 5999651 (E.D. Ark. Dec. 20, 2021), United States District Judge Lee Rodofsky granted Rule 12 dismissal of the plaintiff's claims against Wilson & Associates Law Firm, holding that the plaintiff's failure to bring a standalone fraud or intentional misrepresentation claim firm was fatal to the plaintiff's attempt to invoke the attorney immunity exception under Ark. Code Ann. § 16-22-310. *Hunter,*

WL 5999651 at 108-113 (*citing Ricetec, Inc. v. Cook*, Case No. 2:20-cv-00056-LPR, 2020 WL 7360479 (E.D. Ark. Dec. 15, 2020).

Similarly, in *Great American Insurance Co. v. Dover & Dixon, P.A*., 402 F.Supp.2d 1012 (E.D. Ark. Oct. 13, 2005), District Judge Eisele granted summary judgment in favor of the defendant law firm finding that the intentional misrepresentation exception to the privity requirement within the attorney immunity statute was not sufficiently pled. *Great American Insurance Co., 402 F.Supp.2d* at 1022.

As demonstrated from the cases cited above, Plaintiff's Complaint in this action fails to satisfy Arkansas state and federal court pleading thresholds to establish any exception to attorney immunity.  In the present case, Plaintiff's Complaint is devoid of any standalone fraud or intentional misrepresentation claims against these defendants. Instead, the Complaint makes conclusory and hypothetical, "if/then" allegations of potential "misrepresentations" directed towards Harrison stating: "*[i]f* the trier of fact finds that Harrison made the Statement... then Harrison... published the Statement... with knowledge of its falsity." *See* Plaintiff's Compl. ¶¶ 158–161 (emphasis added). The speculative and hypothetical nature of Plaintiff's allegations are underscored by the allegations found elsewhere in the Complaint wherein Plaintiff states he, "demanded a retraction, and Harrison responded that no retraction was necessary because she did not make those statements," *See* Plaintiff's Complaint at pg. 33.

Alternatively, even assuming *arguendo* that Plaintiff's allegations relating to Harrison's purported statement were adequately pled, (which defendants vehemently deny), from the face of the Complaint any such statement cannot be considered an "intentional misrepresentation" or otherwise serve as an actionable basis for a claim for defamation.  Arkansas law recognizes that statements expressing subjective impressions about another person's conduct generally cannot

9

serve as an actionable basis for defamation because such statements do not imply assertions of objective, verifiable facts. *Faulkner*, 347 Ark. 941, 956, 69 S.W.3d 393, 402 (2002).  Here, the purported statement at issue involves the *subjective* impressions of Harrison and whether *she* perceived being threatened during Plaintiff's deposition. Any such resulting statement from Harrison cannot serve as a basis for triggering the "intentional misrepresentation" exception to attorney immunity just as it cannot serve as a basis for a defamation claim under traditional defamation analysis.

**D.**      **Plaintiff's Defamation Claims are Additionally Barred by the Absolute Attorney Privilege.**

Complementing the Arkansas immunity statutes, the common-law doctrine of absolute attorney privilege (also referred to as the absolute immunity privilege) provides an additional basis for dismissal of Plaintiff's claims. This privilege expressly shields parties and their legal counsel from liability for communications made in connection with pending or anticipated litigation. *See Pinkston v. Lovell*, 296 Ark. 543, 548, 759 S.W.2d 20, 23 (1988). The privilege applies regardless of the truth of the purported statements made by parties or legal counsel or the existence of actual malice on the part of the declarant so long as the statements are made in connection with pending or anticipated litigation. *See Selby v. Burgess*, 289 Ark. 491, 712 S.W.2d 898 (1986); *See also*, *Jones v. Clinton*, 974 F. Supp. 712 (E.D. Ark. 1997)("statements made prior to commencement of judicial proceedings are absolutely privileged if made in connection with possible litigation....)"

Arkansas has adopted the privilege from the Restatement (Second) of Torts wherein Section 586 provides as follows:

> An attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding.

RESTATEMENT (SECOND) OF TORTS §586.

The protection afforded by the attorney privilege is intentionally broad. *Id.* As noted in the comments to Section 586, the privilege is ***absolute*** and "**protects the attorney from liability… irrespective of his purpose in publishing the defamatory matter, his belief in its truth, or even his knowledge of its falsity.**" *Id.* at cmt. "a" (emphasis added). Furthermore, the privilege is not confined to the courtroom; it encompasses "conferences and other communications preliminary to the proceeding," including "all pleadings and affidavits necessary to set the judicial machinery in motion." *Id.*

Comment "c" further elucidates the expansive "relation" requirement of the privilege. The immunity is not restricted to statements that are "strictly relevant" to a legal issue; rather, it applies to any defamatory matter that has "**some reference to the subject matter of the proposed or pending litigation.**" *Id.* at cmt. c. (emphasis added). Under this standard, even an "unwarranted inference from the evidence" is protected, provided it is not completely devoid of any "connection whatever with the litigation." *Id.*

The privilege has similarly been studied in various legal journals. For example, the authors in the *Borton, Journal of the Legal Profession*, 25 J. Legal Prof. 119, stated as follows:

> [T]he privilege for statements made in the course of litigation is absolute. The fact that this privilege encompasses "statements made in judicial proceedings" is "well established" and derives from the English common law. The English rule provides litigants with a "true, absolute privilege without regard to the relevancy of the statements to the subject matter of the proceedings" while the American rule requires that the defamatory statements possess some sort of relation to the proceedings or pertinence to the litigation in general. However, the litigation privilege provides protection for statements and writings made well outside the confines of the courtroom. New Jersey's and California's general conceptions of the litigation privilege are representative of the conceptions of most jurisdictions:

(t)he absolute privilege applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." Whether a defendant is entitled to the privilege is a question of law…Thus the privilege effective covers all communications related to judicial or quasi-judicial proceedings in some form or fashion. (footnotes omitted).

*Id*. at 121-122.

The privilege was also discussed in *Absolute Immunity From Civil Liability: Lessons for Litigation Lawyers*, 31 Pepp. L. Rev. 915 (May 2004). The authors observed:

Lawsuits filed against litigation lawyers by their clients' adversaries primarily seek vengeance. Lawyers, however, are absolutely immune from civil liability for statements or conduct that may have injured, offended, or otherwise damaged an opposing party during the litigation process. This protection, often referred to as the "litigation privilege," shields a litigator regardless of malice, bad faith, or ill will of any kind.

*Id*. at 916.

In *Pinkston v. Lovell*, the Supreme Court of Arkansas held that the privilege extends to out-of-court communications made preliminary to a proposed judicial proceeding, provided the statements bear some relation to the litigation's subject matter. 296 Ark. 543, 548, 759 S.W.2d 20, 22 (1988). There, an attorney made an out-of-court statement to a prospective client regarding another attorney's "mental capacity" to handle litigation. *Id.* at 546, 759 S.W.2d at 21. The Court reasoned that because the comments were made during a discussion of a related proceeding and were connected to some identifiable issue in the suit, the absolute privilege applied. *Id.* at 550, 759 S.W.2d at 23. Accordingly, the Court affirmed the trial court's dismissal as a matter of law. *Id.*

The Arkansas Court of Appeals recently reaffirmed the dispositive nature of this privilege in *Webster v. Webster*, affirming the trial court's dismissal of defamation claims under Rule 12(b)(6). 2024 Ark, App. 319, 689 S.W.3d 133 (2024). While a defamation claim generally requires proof of six elements, the *Webster* court emphasized that when alleged defamatory

12

statements are made in the context of litigation, the privilege attaches and the claim must fail as a matter of law. *Webster*, 2024 Ark. App. at 6, 689 S.W.3d at 137.

In addition to the cases cited above, other jurisdictions have found that the privilege attaches even when an alleged defamatory statement is made "off the record," or outside of a formal litigation proceeding. *See, e.g., Arneja v. Gildar, e.g.*, 541 A.2d 621, 623 (D.C. 1988) (affirming summary judgment based on the attorney privilege where a defendant attorney made slanderous statements about opposing counsel's ethnic and educational background while parties and counsel were together awaiting a hearing examiner).

In the present case, Plaintiff's Complaint concedes that any alleged statement by Harrison was made during the underlying litigation in which Harrison was representing the defendant, Knoernschild. *See* Plaintiff's Compl. ¶¶ 18–20. Specifically, the Complaint alleges that Harrison's statement was made to "chambers personnel," and addressed the Plaintiff's purported conduct during deposition proceedings. *Id.* at ¶¶ 48–52.

Just as the facts in *Pinkston* and *Webster, supra,* the pleadings demonstrate that Harrison's purported statements are privileged as they were made while performing her function as counsel in the underlying Related Litigation. The veracity of such purported statements or the intent behind such statements do not matter in determining whether the privilege applies under Arkansas law. As such, dismissal is appropriate pursuant to Rule 12(b)(6).

**E.    <u>Plaintiff's Derivative Claim Against the Friday Firm Must be Dismissed.</u>**

Because the face of the Complaint demonstrates no basis for liability against Harrison, the derivative claims against her employer, the Friday Firm, also fail. Where an employer's liability is based entirely on the doctrine of *respondeat superior*, any legal bar that extinguishes the claim

against the agent–including the statute of limitations–similarly extinguishes the claim against the master. *Barnett v. Isabell*, 282 Ark. 88, 89, 666 S.W.2d 393, 394 (1984).

It is settled law in Arkansas that when an employer is sued solely for the acts of an employee, and that employee is not liable, the employer cannot be held responsible. *Stephens v. Petrino*, 350 Ark. 268, 279, 86 S.W.3d 836, 843 (2002). In *Stephens*, the Supreme Court of Arkansas held that a trial court properly granted summary judgment on the issue of vicarious liability because the underlying claim against the employee was time-barred. *Id.* There, the plaintiff alleged an employee doctor damaged a patient's esophagus during surgery but failed to file a claim against that doctor until after the statute of limitations had passed. *Id.* at 272–73, 86 S.W.3d at 839. The Court reasoned that because the statute of limitations extinguished the claim against the employee, it simultaneously eliminated any derivative liability of the employer. *Id.* at 279, 86 S.W.3d at 843.

Plaintiff's Complaint asserts no independent tortious act by the Friday Firm. Plaintiff pleads no separate claim or theory of liability against the Friday Firm beyond a derivative liability claim for defamation based upon the alleged conduct attributed to Harrison. The Complaint alleges that the Friday Firm "employs Harrison," that "Harrison's actions are imputed to Friday," and that a staff member sent a transcript "at the direction and approval of Harrison." *See* Plaintiff's Compl. ¶¶ 19, 54, 158. The Complaint further alleges that "if the trier of fact finds that Harrison made the Statement… then Harrison and Friday published the statement." *Id.* at ¶ 158.

The holdings in *Stephens* and *Barnett, supra,* apply with equal force here. Just as the derivative claims against the employer were extinguished in those cases based upon the employee's dismissal, so too are the claims against the Friday Firm in the present action.

## <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's Complaint fails to state a cause of action against Harrison and the Friday Firm. The alleged defamatory statements attributed to Harrison are time-barred from the face of the Complaint. Similarly, no cause of action exists as against Harrison and the Friday Firm as they are afforded statutory immunity and the purported statements serving as a basis for Plaintiff's defamation claims are privileged. Accordingly, Plaintiff's claims against Michael McCarty Harrison and the Friday Firm should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

**GILL RAGON OWEN, P.A.**
425 West Capitol Avenue, Suite 3800
Little Rock, Arkansas 72201
Phone:        501-376-3800
Fax:           501-372-3359
Email:        jcampbell@gill-law.com
                dpotts@gill-law.com


By:    /s/ Jason J. Campbell
        JASON J. CAMPBELL (#2001119)
        DYLAN H. POTTS (#2001258)