**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS**

**LUTHER ONEAL SUTTER**                                              **PLAINTIFF**

**v.**                              **CASE NO. 4:26-CV-436-BSM**

**TIMOTHY DAVIS FOX, in his individual capacity;
TIMOTHY DAVIS FOX, in his official capacity;
MICHAEL McCARTY HARRISON;
FRIDAY ELDREDGE & CLARK, LLP;
BRENDA KNOERNSCHILD; and STATE FARM
MUTUAL AUTOMOBILE INSURANCE COMPANY**                **DEFENDANTS**

**<u>BRIEF IN SUPPORT OF MOTION TO DISMISS
COMPLAINT ON BEHALF OF JUDGE TIMOTHY DAVIS FOX</u>**

Plaintiff brings this § 1983 action against Judge Fox in his individual and official capacities. All the conduct challenged in the complaint, however, was in Judge Fox's judicial capacity and as part of judicial proceedings. Plaintiff alleges causes of action under the First and Fourteenth Amendments, the Arkansas Civil Rights Act (ACRA), the Arkansas Freedom of Information Act (FOIA), and for defamation and libel. Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages.

The complaint fails under absolute judicial immunity, sovereign immunity, lack of subject matter jurisdiction, and failure to state facts upon which relief can be granted. The Complaint should be dismissed with prejudice against Judge Fox under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

1

## BACKGROUND

Judge Fox is the duly elected circuit judge for the Sixth Judicial Circuit of the State of Arkansas. Cases filed in this circuit are assigned randomly by electronic method (i.e. ARCourts/Context). *See* Sixth Circuit Case Assignment Plan.[1] Judge Fox handles civil cases. *Id*.

The allegations in the complaint arise out of proceedings in *Pamela Pfeiffer and Luther Sutter v. Brenda Knoernschild*, Pulaski County Circuit Court Case No. 60CV-22-6027, over which Judge Fox presided prior to recusal. The case was filed on September 6, 2022, and concerned an automobile accident involving the parties. The case was randomly assigned to the Sixth Division.

On December 1, 2025, Judge Fox filed an order recusing from the case. An amended order was entered the following day due to a scrivener's error. ECF 1, at 59-74. The case is now assigned to Judge Cara Connors in the Twelfth Division.

On December 8, 2025, Mr. Sutter sent a Freedom of Information Act Request ("FOIA") by email addressed to Ms. Christie Greer, the Pulaski County Circuit Court Sixth Division Trial Court Administrator. ECF 1, at 46. The request was for records of the Sixth Division relating to Case No. 60CV-22-6027. *Id*.

On December 11, 2025, Judge Fox sent a written response to the FOIA request. The response states that there are no records responsive to the request except for (1) an electronic draft of the referral letter to Prosecutor Sonia Hagood of Craighead County, Arkansas and Prosecutor Will Jones of Pulaski County Arkansas, dated December 3, 2025; (2) an excerpt of Mr. Sutter's deposition transcript dated June 13, 2025, taken in Case No. 60CV-22-6027 regarding his place of residence; and (3) the file-marked *Order* of recusal in 60CV-22-6027. The letter responding to the

---

[1] Publicly available at: https://arcourts.gov/sites/default/files/files-list/6th_Circuit_--_Pulaski_%26_Perry.pdf.

FOIA request, the actual request made by email, and the three listed materials are contained in

Exhibit A to the Complaint. ECF 1, at 43-57. As stated in Judge Fox's letter responding to the FOIA

request, to resolve any potential issues created by the *ex parte* communication with the court, a copy

of the FOIA response and the above materials were mailed to all opposing counsel of record in

cases pending in the Sixth Division where Mr. Sutter was record counsel. *Id.*

On December 23, 2025, Plaintiff filed a Complaint against all the parties to this action in

Pulaski County Circuit Court, Case No. 60CV-25-15726. An Amended Complaint was filed on

February 2, 2026. All parties filed motions to dismiss. Plaintiff filed a motion for voluntary non-

suit on March 30, 2026. The court granted the motion on April 3, 2026.

Plaintiff has now filed the equivalent complaint in this Court against all the same parties.

The only addition relates to a second Arkansas Freedom of Information Act (FOIA) request made

after dismissal of the state-filed case. The complaint asserts eight counts: Declaratory Judgment

(Count I); Free Speech Violations (Count II); Procedural and Substantive Due Process (Count III);

Violations of FOIA (Count IV); Defamation (Count V); First Amendment Retaliation (Count VI);

Arkansas Civil Rights Act Violations (ACRA) (Count VII); and Defamation-Libel (Count VIII).

ECF 1, at 21-39. As against Judge Fox, the Complaint seeks an Order—

1. Declaring that:

    a. Sutter did not engage in illegal or misogynistic conduct;

    b. Sutter did not threaten Ms. Harrison;

    c. Sutter did not intimidate Ms. Harrison;

    d. Sutter is not legally compelled by the Judicial Chambers Letter or any other ruling, law, regulation or document to disclose the existence of Sutter's FOIA request, the Judicial Chambers Letter (Exhibit A to the Complaint)

and the attachments thereto to all or any of Sutter's current and prospective clients;

e. Sutter has not engaged in any of the illegal conduct of which he has been accused by Fox and the other Defendants;

f. Fox's non-filed Judicial Chambers Letter purporting to compel Sutter to disclose it to clients violates the First Amendment and Arkansas Constitution and is without legal effect;

g. Arkansas' FOIA statutes permit Sutter's Arkansas licensed attorney to make a FOIA request on Sutter's behalf with such request being deemed as having been made by Sutter. rather than Sutter's attorney; and

h. Under Arkansas' FOIA statutes, whether or not Sutler's Arkansas licensed attorney is a citizen of the State of Arkansas is irrelevant to a FOIA request made by such attorney on behalf of Sutter. who is a citizen of the State of Arkansas.

2. Granting injunctive relief:

a. Enjoining any attempt to enforce, circulate, or otherwise publish to anyone the Judicial Chambers Letter or such letter's contents or to compel Sutter's speech absent proper notice, a filed order, and lawful authority;

b. Requiring any future action by Fox against Sutter or in any way involving Sutter or Sutter's actions to be by noticed motion or other properly initiated legal proceeding. a fair hearing of which Sutter has adequate notice and conducted before a neutral judge, and a duly filed judicial order in a court having lawful authority over Sutter;

3. Finding Fox violated the Arkansas Freedom of Information Act in connection with Sutter's 1st FOIA Request and Sutler's 2nd FOIA Request and order appropriate relief therefore including, without limitation, Fox's immediate compliance with Arkansas' FOIA statutes including the production of the records requested in Sutler's 1st FOIA Request and Sutter's 2nd FOIA Request;

4. Awarding compensatory damages in an amount to be determined at trial but not less than One Million Dollars ($1,000,000) along with punitive damages where permitted in an amount to be determined at trial but not less than Two Million Dollars ($2,000,000);

5. Awarding Sutter's costs, both pre-judgment and post-judgment interest, and attorney's fees as allowed by law; and

6. Awarding all such other and further legal and equitable relief as the Court deems just, including without limitation fees under 42 U.S.C. § 1988, the ACRA, and the FOIA, where applicable.

*See* ECF 1, at 39-41.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must provide "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must accept as true all factual allegations set forth in the complaint, drawing all reasonable inferences in the plaintiff's favor. *See Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). However, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. In considering a motion to dismiss under Rule 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

5

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (internal citations and alterations omitted) (quoting *Twombly*, 550 U.S. at 555, 557). In other words, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (*quoting* Twombly, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

### ARGUMENT

### I.   Judge Fox is Entitled to Absolute Judicial Immunity on All Claims.

All causes of action against Judge Fox are based on actions taken in his role as judge in cases assigned to the Sixth Division. Because the conduct complained about was in Judge Fox's judicial capacity, he is entitled to absolute judicial immunity.

***Absolute Judicial Immunity.*** It is well-settled that judges are absolutely immune from suit arising from judicial acts performed within their jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (internal citations omitted); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978); *Pierson v. Ray*, 386 U.S. 547, 554-555 (1967)). "Judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Just. Network Inc. v. Craighead Cty.*, 931 F.3d 753, 759 (8th Cir. 2019) (quoting *Mireles*, 502 U.S. at 11 (1991)). The immunity applies to 42 U.S.C. § 1983 suits in federal court for violations of civil rights. *Id.* at 760 (citing *Mireles*, 502 U.S. at 11–12). The Arkansas Civil Rights Act ("ACRA") is the state law analog of § 1983. *See Arnold v. McClinton*, 112 F.4th 598, 605

(8th Cir. 2024). Only two "narrow exceptions" exist where a judge cannot claim immunity: (1) "when he acts outside of his judicial capacity;" and (2) "when his actions, though judicial in nature, are taken in complete absence of jurisdiction." *Just. Network Inc.*, 931 F.3d at 760 (*Mireles*, 502 U.S. at 11–12) (internal quotation marks omitted)). "An allegation of bad faith or malice alone, however, is insufficient to defeat judicial immunity." *Id.*; *see e.g.*, *Stump*, 435 U.S. at 356–57.

***Judicial Function.*** The question of whether a judge's action is "judicial" depends on the "nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Just. Network Inc.*, 931 F.3d at 760. Said another way, "[t]he relevant inquiry is the nature and function of the act, not the 'act itself.'" *Id.*

***Challenged Practices.*** The conduct challenged in the Complaint plainly arises from judicial functions, including:

- issuing recusal orders;

- reviewing deposition materials;

- managing pending litigation;

- communicating with parties and counsel;

- referring matters to prosecutors;

- issuing letters concerning conduct affecting pending proceedings;

- addressing alleged ex parte communications; and

- communicating with court personnel concerning matters pending before the court.

All such conduct occurred while Judge Fox was acting in his judicial capacity and within the jurisdiction of the Pulaski County Circuit Court.

Plaintiff repeatedly attempts to label the conduct "administrative," "extra-judicial," or "under color of law," but labels do not control. The proper inquiry is functional. *See Martin v. Hendren*, 127 F.3d 720, 721–722 (8th Cir. 1997) (analyzing quasi-judicial immunity).  The actions challenged here are directly related to adjudication, courtroom administration, attorney conduct, and matters arising from pending litigation.

Even assuming arguendo that certain communications occurred outside the formal courtroom setting, judicial immunity still applies because immunity extends to acts integrally related to the judicial process. *See Schottel v. Young*, 687 F.3d 370, 373–374 (8th Cir. 2012). Plaintiff does not plausibly allege that Judge Fox acted in the clear absence of all jurisdiction. At most, Plaintiff alleges dissatisfaction with judicial conduct in matters pending before the circuit court. Such allegations are insufficient as a matter of law to defeat judicial immunity.

Characterizing the actions of Judge Fox as defamatory does not change the analysis. Defamation and libel are state common law claims. Absolute immunity also bars the claim for defamation and libel because the alleged defamatory statements were in a judicial proceeding and are relevant and pertinent to the issues raised in the case. *See Westridge v. Wright*, 466 F. Supp. 234, 236-237 (E.D. Ark. 1979); *Pogue v. Cooper*, 284 Ark. 202, 680 S.W. 698 (1984). Accordingly, all claims against Judge Fox in his individual and judicial capacities must be dismissed with prejudice.

## II.   Official Capacity Claims are also Barred by Sovereign Immunity.

All claims against Judge Fox in his official capacity are also barred by sovereign immunity and must be dismissed. The Eleventh Amendment bars all suits against a state and state agencies in federal court unless the state consents to be sued or Congress abrogates the immunity from suit.

*EEE Minerals, LLC v. North Dakota*, 81 F.4th 809, 815 (8th Cir. 2023). The Eleventh Amendment states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

**Barred by Sovereign Immunity.** The Complaint is against Judge Fox in his official capacity, and therefore, Eleventh Amendment immunity applies. *Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 674 (8th Cir. 2007) ("A suit against a governmental actor in his official capacity is treated as a suit against the governmental entity itself."); *see also Lewis v. Clarke*, 581 U.S. 155, 163 (2017) ("Defendants in an official-capacity action may assert sovereign immunity."); *Coleman-Bey v. McCraugh*, No. 4:23-CV-00298 RLW, 2023 WL 2524790, at *4 (E.D. Mo. Mar. 15, 2023) ("Judges Christopher McGraugh and Cristian Stevens are Missouri State Court employees. Accordingly, plaintiff's official capacity claims against defendants are claims against the State of Missouri.").

Because this suit is barred by sovereign immunity, this Court lacks subject matter jurisdiction. This Court should therefore dismiss Judge Fox from the case.

## III. Declaratory and Injunctive Relief does not Overcome Judicial or Sovereign Immunity.

It makes no difference that Plaintiff is seeking injunctive relief against Judge Fox because Eleventh Amendment immunity applies "regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Although Congress can abrogate a state's Eleventh Amendment immunity, that abrogation must be "unequivocally expresse[d]." *Seminole Tribe v. Florida*, 517 U.S. 44, 55 (1996); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67 (1989) ("We cannot conclude that § 1983 was intended to disregard the well-established immunity

9

of a State from being sued without its consent."). Here, Plaintiff cannot point to a waiver of sovereign immunity because there hasn't been one.

**Ex Parte Young.** The *Ex Parte Young* exception to sovereign immunity does not apply to Judge Fox because he is not a state *executive* official. The Supreme Court's recent decision in *Whole Woman's Health v. Jackson*, which involved claims against a state court judge, is instructive on this point and mandates dismissal of the claims against Judge Fox.

In *Whole Woman's Health v. Jackson*, the Supreme Court noted that, in general, "States are immune from suit under the terms of the Eleventh Amendment and the doctrine of sovereign immunity." 595 U.S. 30, 39 (2021) (citing *Alden v. Maine*, 527 U.S. 706, 713 (1999)). The Court further noted that, "[t]o be sure, in *Ex parte Young*, this Court recognized a narrow exception grounded in traditional equity practice—one that allows certain private parties to seek judicial orders in federal court preventing state executive officials from enforcing state laws that are contrary to federal law." *Id.* (citing *Ex Parte Young*, 209 U.S. 123, 159–160 (1908)). "But as *Ex parte Young* explained, this traditional exception does not normally permit federal courts to issue injunctions against state-court judges or clerks." *Id.*; *see also Ex Parte Young*, 209 U.S. at 163 (stating that "the right to enjoin . . . a state official . . . does not include the power to restrain a court from acting in any case brought before it"). "Usually, those individuals do not enforce state laws as executive officials might; instead, they work to resolve disputes between parties." *Id.* "If a state court errs in its rulings, too, the traditional remedy has been some form of appeal, including to [the Supreme Court], not the entry of an *ex ante* injunction preventing the state court from hearing cases." *Id.* "As *Ex parte Young* put it, 'an injunction against a state court' or its 'machinery' 'would

be a violation of the whole scheme of our Government.'" *Id.* (quoting *Ex Parte Young*, 209 U.S. at 163).

Applied here, *Whole Woman's Health* compels the conclusion that Plaintiff's claims against Judge Fox are barred by the Eleventh Amendment and the doctrine of sovereign immunity. *Ex Parte Young* provides no exception. On this alone, the complaint against Judge Fox should be dismissed.

***Retrospective Relief.*** Moreover, the request for declaratory and injunctive relief is on past liability against Judge Fox, so it is unavailable. *Just. Network Inc.*, 931 F.3d at 759. Under § 1983:

> in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

*See* 42 U.S.C. § 1983. Plaintiff alleges neither. Instead, Plaintiff seeks declarations that:

- he did not engage in misconduct;

- he did not intimidate opposing counsel;

- he is not a misogynist; and

- he committed no crimes.

These requests seek collateral review of judicial actions of Judge Fox in state-court litigation. Because the Complaint challenges past actions taken in Judge Fox's judicial capacity, injunctive relief is statutorily unavailable. *Just. Network Inc.*, 931 F.3d at 764.

## IV.  Claim under the Arkansas Freedom of Information Act Should be Dismissed.

Plaintiff's claim under the FOIA should be dismissed for lack of subject-matter jurisdiction. The Arkansas Freedom of Information Act, codified at Ark. Code Ann. § 25-19-101, et seq. is a creation of state law. Federal courts lack subject-matter jurisdiction over claims arising solely under a state freedom-of-information statute. *See Higginbotham v. Felton*, No. 5:22-cv-05220, 2022 WL

11

17171950, at *1, *2 (W.D. Ark. Nov. 3, 2022). The Arkansas Freedom of Information Act does not present a federal question within the meaning of 28 U.S.C. § 1331. *Id.* Enforcement of the Arkansas Freedom of Information Act lies properly in Arkansas state courts, not federal court. Accordingly, Plaintiff's FOIA claim should be dismissed for lack of subject-matter jurisdiction.

Additionally, to the extent that Plaintiff seeks an injunction that would require Judge Fox to comply with state laws—such as the Arkansas FOIA—that claim is barred by sovereign immunity. *Pennhurst State Sch. & Hosp.*, 465 U.S. at 100 (sovereign immunity bars state law claims against state officials in federal court).

## CONCLUSION

For the forgoing reasons, Judge Fox requests the complaint be dismissed against him with prejudice.

Respectfully submitted,

*/s/ Jordan Broyles*
Jordan Broyles, Ark. Bar No. 2015156
Senior Assistant Attorney General

Office of the Arkansas Attorney General
Bob R. Brooks Jr. Justice Building
101 West Capitol Avenue
Little Rock, AR 72201
(501) 301-0169, (501) 682-2591 fax
jordan.broyles@arkansasag.gov

*Counsel for Judge Timothy Davis Fox*