## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS

LUTHER ONEAL SUTTER,           )
         **Plaintiff,**           )
                        )Case No.: 4:26-CV-436-BSM
v.                          )
                        )
TIMOTHY DAVIS FOX, in his individual capacity;  )
TIMOTHY DAVIS FOX, in his official capacity;    )
MICHAEL McCARTY HARRISON;           )
FRIDAY ELDREDGE & CLARK, LLP;         )
BRENDA KNOERNSCHILD; and STATE FARM   )
MUTUAL AUTOMOBILE INSURANCE COMPANY,)
         **Defendants.**          )

### PLAINTIFF'S RESPONSE IN OPPOSITION TO THE MOTIONS TO DISMISS OF SEPARATE DEFENDANTS MICHAEL McCARTY HARRISON AND FRIDAY, ELDREDGE & CLARK, LLP

COMES NOW, the Plaintiff, Luther Oneal Sutter ("Sutter"), by and through his attorney, Jason A. Stuart of The Stuart Firm, P.A., and for his Response in Opposition to the Motions to Dismiss of the Separate Defendants Michael McCarty Harrison ("MMH") and Friday, Eldredge & Clark, LLP ("FEC") ("MMH & FEC Motion to Dismiss"), states:

1.)     Plaintiff denies the averments and allegations in numbered paragraph 1 of the MMH & FEC Motion to Dismiss. Stating affirmatively, for a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the averments and allegations contained in the Complaint must be accepted as true and we do not step outside the pleadings. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). Stating affirmatively, the averments and allegations contained in the Complaint do in fact state a claim for which relief may be granted against both MMH and FEC.

2.) Plaintiff admits the averments and allegations in numbered paragraph 2 of the MMH & FEC Motion to Dismiss.

3.) Plaintiff admits the averments and allegations in numbered paragraph 3 of the MMH & FEC Motion to Dismiss.

4.) Plaintiff denies the averments and allegations in numbered paragraph 4 of the MMH & FEC Motion to Dismiss. Stating affirmatively, Plaintiff's Complaint arises out of all of the facts alleged in the Complaint, including the exhibits attached thereto and extrajudicial actions occurring outside of and separate and apart from the litigation of *Pfeiffer, et ux. v. Knoernschild*, Pulaski County Circuit Court Case No. 60CV-22-6027.

5.) Plaintiff denies the averments and allegations in numbered paragraph 5 of the MMH & FEC Motion to Dismiss. Stating affirmatively, Plaintiff's Complaint contains multiple claims against both MMH and FEC including, without limitation, multiple allegations of defamation, republished defamation and a claim therefor in Count V, as well as, a claim for declaratory judgment or relief in Count II against all defendants including, without limitation, MMH and FEC.

6.) Plaintiff denies the averments and allegations in numbered paragraph 6 of the MMH & FEC Motion to Dismiss. Stating affirmatively, the Complaint does not state the defamatory statements were exclusively made during a telephone call; instead, the Complaint states, "Harrison initiated or participated in *ex parte* communications with chambers personnel," thus including false written communications (i.e. libelous communications). *See* Plaintiff's Complaint ¶¶ 48, 53-55. Further stating affirmatively, Plaintiff's Complaint also contains numerous allegations of republication and/or ratification of the defamatory statements on or after 1-DEC-2025.

7.)     Plaintiff admits the averments and allegations in numbered paragraph 7 of the MMH & FEC Motion to Dismiss.  Stating affirmatively, the Complaint also contains numerous allegations of republication and/or ratification of the defamatory statements, which republications and ratifications restart the statute of limitations and/or constitute a new cause of action for which each of the Defendants are liable to Plaintiff. See, *Luster v. Retail Credit Co.*, 575 F.2d 609 (8th Cir. 1978).

8.)     Plaintiff admits the averments and allegations in numbered paragraph 8 of the MMH & FEC Motion to Dismiss.  Stating affirmatively, the Complaint also contains allegations including libel, which has a three (3) year statute of limitations pursuant to Ark. Code Ann. § 16-56-105 (5).  Furthermore, MMH, FEC and Judge Fox had "a duty to speak" with respect to the *ex parte* communications and their failure to do so amounts to a fraudulent concealment because silence in such instance amounts to a positive act of concealment, which tolls the statute of limitations, in addition to Judge Fox's other alleged positive acts of concealment in furtherance of his civil conspiracy with the other named Defendants including, without limitation, refusal to disclose the records in any way relating to the *ex parte* and extra-judicial communications in response to Plaintiff's FOIA request. *Nichols v. Swindoll*, 2023 Ark. 146 at 3-4; See also, *Delanno, Inc. v. Peace*, 366 Ark. 542, 545, 237 S.W.3d 81, 84 (2006).

9.)     Plaintiff denies the averments and allegations in numbered paragraph 9 of the MMH & FEC Motion to Dismiss.

10.)    Plaintiff denies the averments and allegations in numbered paragraph 10 of the MMH & FEC Motion to Dismiss.

11.)    Plaintiff denies the averments and allegations in numbered paragraph 11 of the MMH & FEC Motion to Dismiss.

12.)    Plaintiff denies the averments and allegations in numbered paragraph 12 of the MMH & FEC Motion to Dismiss.

13.)    Stating affirmatively, the Complaint clearly alleges and states the defamatory statements attributed to MMH & FEC were made in one or more *ex parte* communications with the judicial staff and judge presiding over *Pfeiffer, et ux. v. Knoernschild*, Pulaski County Circuit Court Case No. 60CV-22-6027 for the purpose of defaming and spreading mistruths about the Plaintiff; however, the defamatory statements including, without limitation, falsely stating Plaintiff, Luther Oneal Sutter, physically threatened and physically intimidated MMH were not in any way "relevant to" and in no way referenced the subject matter of the underlying case, which was a basic car wreck case.  Instead, as alleged in the Complaint, the false and defamatory statements were made in an extra-judicial manner for the unrelated purpose of defaming Plaintiff and were not made the subject of an actual motion for sanctions or part of any other filing in *Pfeiffer, et ux. v. Knoernschild*, Pulaski County Circuit Court Case No. 60CV-22-6027. Accordingly, Ark. Code Ann. § 16-22-310, Ark. Code Ann. § 16-114-303 are not applicable to the facts and case at bar and provide neither qualified nor absolute immunity to any of the defendants. Likewise, the "Absolute Attorney Privilege" is not applicable under the alleged facts of this case.

14.)    Plaintiff denies the averments and allegations in numbered paragraph 13 of the MMH & FEC Motion to Dismiss.

15.)    Plaintiff does not believe a response is required to the averments and allegations in numbered paragraph 14 of the MMH & FEC Motion to Dismiss; however, to the extent a response is required, Plaintiff admits MMH & FEC filed a brief in support of their motion to dismiss and denies such motion should be granted and affirmatively asserts the arguments contained in such brief are invalid.

16.)    For the reasons stated herein and in the following brief in support, which is incorporated herein by reference, Plaintiff asserts the MMH & FEC Motion to Dismiss should be denied and hereby requests denial of the same.

**WHEREFORE**, Plaintiff, Luther Oneal Sutter, respectfully prays for entry of an Order which denies the Motion to Dismiss filed by Michael McClarty Harrison and Friday, Eldredge & Clark, LLP; however, if this Court grants said motion, then Plaintiff prays such dismissal order is without prejudice and includes provisions permitting discovery to continue to determine whether the challenged acts were judicial, administrative or extra-judicial and granting all such other relief as the Court deems just and proper including, without limitation, the award of Plaintiff's attorneys' fees and costs associated herewith.

Respectfully submitted,

**Luther Oneal Sutter**

By:        */s/ Jason A.  Stuart*
         Jason A.  Stuart
         Arkansas Bar No.  99009
         The Stuart Firm, P.A.
         309 Normandy Ln.
         Heath, TX 75032
         (501) 951-1518 (voice)
         Jason.Stuart@StuartFirm.com (e-mail)


By:        /s/ Luther Oneal Sutter
         Luther Oneal Sutter (Ark. Bar No. 95031)
         310 Natural Resources Dr., Ste. 2
         Little Rock, AR 72205
         (501) 315-1910
         Luther.SutterLaw@gmail.com

         Attorneys for the Plaintiff

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies compliance with Ark. R. Civ. P. 5, Arkansas Rules of the Supreme Court and Court of Appeals, Fed. R. Civ. P. 5, Fed. R. Crim. P. 49, as may be applicable, by serving a copy of the foregoing via: _____ 1st Class U.S. Mail to the below indicated address w/prepaid postage; _____ Facsimile to the number corresponding to the below listed addressee; _____ Certified U.S. Mail addressed to the below indicated address w/prepaid postage and return receipt requested; _____ Commercial delivery service which maintains permanent records of actual delivery and is approved by the court in which the action is filed; _____ E-mail to the e-mail address corresponding to the below listed addressee; __X__ Electronic service through the court's approved electronic filing system.

Clay W. Sullivan
Jon P. Robinson
Christopher J. Hooks
Robertson, Beasley, Shipley & Robinson, PLLC
5100 S. Thompson Ave., Ste. 201
Springdale, AR 72764
 CSullivan@rbsr-attorneys.com
 JRobinson@rbsr-attorneys.com
 Chooks@rbsr-attorneys.com

Attorneys for Brenda Knoernschild


Jason J. Campbell
Dylan H. Potts
Gill, Ragon, Owen, P.A.
425 West Capitol Ave., Ste. 3800
Little Rock, AR 72201
 JCampbell@gill-law.com
 Potts@gill-law.com


Attorneys for Michael McCarty & Friday, Eldredge & Clark, LLP

David M. Donovan
Staci Dumas Carson
MacKenzie Claire Jackson
WDTC Law, P.A.
2120 Riverfront Dr., Ste. 275
Little Rock, AR 72202

Attorneys for State Farm


Jordan Broyles
Office of the Attorney General
101 W. Capitol Ave.
Little Rock, AR 72201
 Jordan.Broyles@ArkansasAG.gov

Attorney for Judge Timothy Fox


/s/ *Jason A. Stuart*
  Jason A. Stuart