**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**

LUTHER ONEAL SUTTER                                                                    PLAINTIFF

v.                                        CASE NO. 4:26-CV-436-BSM

TIMOTHY DAVIS FOX, in his individual capacity;
TIMOTHY DAVIS FOX, in his official capacity;
MICHAEL McCARTY HARRISON;
FRIDAY ELDREDGE & CLARK, LLP;
BRENDA KNOERNSCHILD; and STATE FARM
MUTUAL AUTOMOBILE INSURANCE COMPANY                        DEFENDANTS

**REPLY IN SUPPORT OF MOTION TO DISMISS**
**COMPLAINT ON BEHALF OF JUDGE TIMOTHY DAVIS FOX**

Judge Timothy Davis Fox respectfully submits this Reply in Support of his Motion to Dismiss, and states as follows:

**INTRODUCTION**

Plaintiff's Response does not overcome the fundamental defects identified in Judge Fox's Motion to Dismiss. Plaintiff attempts to recharacterize judicial conduct as "administrative," "ministerial," or "extra-judicial," but the Supreme Court and Eighth Circuit require a functional analysis focused on the nature of the acts at issue. The challenged conduct arose directly from Judge Fox's handling of matters before his court, his review of evidence and attorney conduct in pending litigation, his management of judicial proceedings, and communications integrally related to those proceedings. Such acts are quintessential judicial functions protected by absolute judicial immunity.

Plaintiff's effort to avoid immunity by labeling the conduct "non-judicial" is contrary to controlling precedent and does not alter the nature of the acts alleged. Moreover, sovereign

1

immunity independently bars the official-capacity claims, and Plaintiff's requests for declaratory and injunctive relief do not fall within any recognized exception.

For these reasons, the complaint against Judge Fox should be dismissed.

**ARGUMENT**

### I.   Plaintiff Fails to Plead Facts Taking this Case Outside Absolute Judicial Immunity.

***Absolute Judicial Immunity Bars the Claims.***  Plaintiff fails to plead facts to overcome absolute judicial immunity. The Response rests almost entirely on the assertion that Judge Fox's challenged actions were administrative or personal rather than judicial. That argument misapplies the governing law.

The Supreme Court has repeatedly held that judicial immunity turns on the nature and function of the act performed, not on the plaintiff's characterization of it. *Mireles v. Waco*, 502 U.S. 9, 13 (1991); *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Again, the allegations arise from:

- Judge Fox's handling of a case assigned to his division;

- his review of deposition testimony and litigation materials;

- his assessment of conduct affecting proceedings before the court;

- his communications regarding matters arising from pending litigation;

- his referral of information to prosecutorial authorities; and

- his response to issues created by communications directed to the court.

Each of these functions is closely connected to the judicial process. Even communications occurring outside the courtroom are protected where they are integrally related to judicial proceedings. *Schottel v. Young*, 687 F.3d 370, 373–374 (8th Cir. 2012).

Plaintiff's arguments that recusal automatically extinguished judicial immunity is unsupported by authority. The relevant inquiry is not whether a recusal order had been entered, but whether the challenged conduct arose from judicial functions and matters over which the court possessed jurisdiction. Plaintiff identifies no authority holding that a judge loses immunity merely because the challenged conduct occurred after recusal where the conduct arose from the judge's performance of judicial duties in the underlying case.

Nor does Plaintiff plausibly allege that Judge Fox acted in the complete absence of jurisdiction. At most, Plaintiff disagrees with actions taken by a judge in connection with litigation over which the court unquestionably had subject-matter jurisdiction. Such allegations do not defeat judicial immunity.

***Plaintiff's FOIA Theory Does Not Defeat Immunity.*** Plaintiff argues that responding to an Arkansas FOIA request is a purely ministerial act and therefore falls outside judicial immunity, referencing generally a state court case. This argument ignores the substance of Plaintiff's claims. Plaintiff is not merely challenging production of records. Rather, the Complaint attacks communications and decisions arising from judicial proceedings and seeks to impose liability based upon the contents of those communications.

Even assuming *arguendo* that responding to a FOIA request could be characterized as administrative in some circumstances, the Complaint goes far beyond a simple records dispute. Plaintiff seeks damages and declaratory relief based on conduct that arose directly from judicial proceedings and from Judge Fox's handling of matters before his court.

Plaintiff cannot avoid immunity by isolating one aspect of the factual allegations and disregarding the broader judicial context in which the challenged conduct occurred. Moreover, any

claim under the Arkansas FOIA is a matter within the jurisdiction of Arkansas state courts. Plaintiff cannot convert an allegation of violation of FOIA to a federal question by virtue of his own self-serving characterization.

## II.    *Whole Woman's Health* Confirms Dismissal of the Official-Capacity Claims.

Plaintiff's reliance on *Ex parte Young* is misplaced, and sovereign immunity bars the official-capacity claims. As Judge Fox's opening brief explained, the Supreme Court's decision in *Whole Woman's Health v. Jackson* confirms that federal courts generally may not issue injunctions against state-court judges acting in their judicial roles. 595 U.S. 30, 39-40 (2021). Plaintiff attempts to distinguish *Whole Woman's Health* by asserting that Judge Fox was acting outside an adjudicative role. But that assertion merely restates Plaintiff's immunity argument and does not establish that Judge Fox functioned as a state executive official enforcing state law.

The *Ex parte Young* exception is narrowly limited to certain suits against executive officers. State-court judges ordinarily do not enforce laws in that capacity; they resolve disputes. *Whole Woman's Health*, 595 U.S. at 39-40. So, if a state court errs in a ruling or a party otherwise disagrees, the appropriate remedy is to appeal, not entry of an *ex ante* injunction. *Id.* Accordingly, *Ex parte Young* does not provide a basis for maintaining official-capacity claims against Judge Fox.

Plaintiff also argues that sovereign immunity does not apply because he seeks prospective relief, which is a clear misunderstanding of federal law.  The argument fails because the Eleventh Amendment bars suits against state officials in their official capacities absent a recognized exception. No such exception applies here, under *Ex parte Young* or otherwise, as noted above.

Plaintiff seeks declarations regarding past conduct, requests findings that Judge Fox violated various legal duties, and seeks orders directing future conduct by a state judicial officer.

These requests are directed at Judge Fox in his official capacity and therefore implicate sovereign immunity.

Moreover, Plaintiff's attempt to compel compliance with Arkansas FOIA constitutes a request that a federal court direct a state official's compliance with state law. Such relief is barred under *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984). Plaintiff relies almost exclusively in the Response on state law regarding exceptions to sovereign immunity. That law is simply inapplicable here and bears no authority over this federal case.

### III.   Plaintiff's Request for Declaratory and Injunctive Relief Fail as a Matter of Law.

Plaintiff's request for equitable relief does not save the Complaint. Under 42 U.S.C. § 1983, injunctive relief against a judicial officer is unavailable for actions taken in a judicial capacity unless a declaratory decree was violated or declaratory relief was unavailable. Plaintiff alleges neither.

Further, the requested declarations concern past events and alleged wrongdoing. Such requests are retrospective in nature and do not establish a continuing violation sufficient to warrant prospective equitable relief. *See*, *e.g.*, *Just. Network Inc. v. Craighead Cty.*, 931 F.3d 753, 764 (8th Cir. 2019).

To the extent Plaintiff seeks review of actions taken in connection with state-court proceedings, the proper remedy was through appellate review, not a collateral federal lawsuit.

### IV.   The FOIA Claim Should be Dismissed.

Plaintiff's supplemental-jurisdiction argument does not cure the defects in the FOIA claim. Even assuming supplemental jurisdiction could exist, *Pennhurst* prohibits federal courts from ordering state officials to comply with state law. Plaintiff's FOIA claim seeks precisely that relief.

Accordingly, the Arkansas FOIA claim should be dismissed regardless of whether supplemental jurisdiction might otherwise exist.

## CONCLUSION

Plaintiff's Response does not identify any conduct falling outside absolute judicial immunity, does not establish any exception to sovereign immunity, and does not demonstrate entitlement to declaratory or injunctive relief. For these reasons, Defendant Judge Timothy Davis Fox respectfully requests that the Court grant his Motion to Dismiss in its entirety and dismiss all claims against him with prejudice.

Respectfully submitted,

*/s/ Jordan Broyles*
Jordan Broyles, Ark. Bar No. 2015156
Senior Assistant Attorney General

Office of the Arkansas Attorney General
Bob R. Brooks Jr. Justice Building
101 West Capitol Avenue
Little Rock, AR 72201
(501) 301-0169, (501) 682-2591 fax
jordan.broyles@arkansasag.gov

*Counsel for Judge Timothy Davis Fox*

6