**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**LUTHER ONEAL SUTTER** **PLAINTIFF**

**v.** **CASE NO: 4:26-CV-00436-BSM**

**TIMOTHY DAVIS FOX, *et al.*** **DEFENDANTS**

**ORDER**

The motions to dismiss filed by Michael Harrison and Friday, Eldridge & Clark L.L.P. [Doc. No. 9] and State Farm Mutual Automobile Insurance Company [Doc. No. 16] are granted. The motion to dismiss filed by Judge Timothy Fox [Doc. No. 12] is denied as to the individual capacity claims and granted as to the official capacity claims. The claims against Harrison, the Friday firm, and State Farm are dismissed without prejudice.

I. BACKGROUND

Luther Sutter and his wife, Pamela Pfeiffer, were involved in a car accident with Brenda Knoernschild. Compl. ¶¶ 18–20, Doc. No. 1; *Pamela Pfeiffer and Luther Sutter v. Brenda Knoernschild*, Pulaski County Circuit Court Case No. 60CV-22-6027. They sued her, and the case was assigned to Judge Fox. *Id*. Sutter is a lawyer, so he represented his wife and himself. Compl. ¶ 15. Knoernschild was insured by State Farm, which retained Harrison of the Friday firm to represent her. *Id*. ¶¶ 18–20. After Harrison deposed Sutter, Harrison called Judge Fox's chambers and stated that Sutter physically threatened and intimidated her. *Id*. ¶¶ 48–49, 52. After reading the deposition transcript, Judge Fox recused based on Harrison's accusation and his determination that Sutter had committed voter fraud.

*Id*. ¶¶ 53–54, Ex. B.

Sutter then sent a Freedom of Information Act ("FOIA") request to Judge Fox's assistant, asking for information regarding any conversations between Harrison and the judge or his staff. *Id*. ¶ 40, Ex. A at 4. Judge Fox personally responded that Sutter had engaged in "misogynistic behavior," committed voter fraud, and was a bully to court staff. *Id*. ¶¶ 41–42, Ex. A at 1–3. Judge Fox attached to his response a copy of the recusal order, a draft of a letter referring the matter to state prosecutors, and excerpts of the deposition. Compl., Ex. A. Judge Fox informed Sutter that he planned to send the letter and its attachments to other justices and judges, two prosecutors, and Sutter's opposing counsel in cases before Judge Fox. *Id*. at 2–3. Fox also directed Sutter to provide the letter, with attachments, to all of his clients with cases pending before Judge Fox. *Id*. at 3.

Counsel for Sutter sent a second FOIA request to Judge Fox, but he denied the request because Sutter's lawyer was not an Arkansas citizen. *Id*. ¶¶ 85–88.

Sutter is suing defendants for (1) declaratory judgment; (2) free speech violations; (3) due process violations; (4) FOIA violations; (5) defamation; (6) First Amendment retaliation; (7) Arkansas Civil Rights Act violations; and (8) libel. Defendants move to dismiss.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, a complaint must allege sufficient facts that state a plausible claim of relief to which the plaintiff may be entitled. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Although detailed factual

allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id.* In ruling on a 12(b)(6) motion to dismiss, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record, may all be considered. *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010).

## III. DISCUSSION

The motions to dismiss filed by Harrison, the Friday firm, and State Farm are granted. Judge Fox's motion to dismiss is granted in part and denied in part.

### A. Michael Harrison

Harrison's motion to dismiss is granted because Sutter's defamation claim is barred by the statute of limitations. Sutter alleges that Harrison defamed him when she called Judge Fox's chambers and said that Sutter had threatened her. This claim is barred by the one year statute of limitations, Ark. Code Ann. § 16-56-104, because the complaint was filed in May 2026, two years after Harrison's statement. Compl. ¶ 48.

Sutter argues that Judge Fox's republication of Harrison's statements in his letter and its attachments places Harrison's statement within the statute of limitations. Doc. No. 40 at 2. Arkansas "courts are divided as to whether one accused of defamation is liable for the republication" of the statement, and the Arkansas Supreme Court has "specifically refused to decide whether the law of Arkansas permit[s] recovery for unauthorized republication." *Wal-Mart Stores, Inc. v. Lee*, 74 S.W.3d 634, 650 (Ark. 2002). Even in cases holding that third-party republication creates liability for the original publisher, the republication must

have been "foreseeable as a natural and probable consequence of the original publication." *Id*. Nothing in the record suggests that Harrison could have foreseen that Judge Fox would republish her statements. For this reason, Harrison is not liable for Judge Fox's republication of her statements, and the statute of limitations ran from the date that Harrison published her statements to Judge Fox.

Sutter's request for a declaratory judgment is also dismissed because there is no real and immediate controversy between Harrison and himself. *See Crews & Assocs., Inc. v. Nuveen High Yield Mun. Bond Fund*, 783 F. Supp. 2d 1066, 1070 (E.D. Ark. 2011) ("a controversy is no longer real or immediate when 'the issues presented are no longer "live" . . . .'"). To the extent that Sutter attempts to argue a fraudulent concealment claim against Harrison, this will not be considered because it was not plead in the complaint.

B. Friday, Eldredge & Clark

The Friday firm's motion to dismiss is granted. Sutter argues that the Friday firm is vicariously liable for Harrison's actions and for the actions of its other non-lawyer employees. First, the Friday firm cannot be held vicariously liable for Harrison's actions because the claims against her have been extinguished. *Magrans v. Andrada*, 616 S.W.3d 668, 673 (Ark. Ct. App. 2021). Second, to the extent that Sutter alleges that the Friday firm's non-lawyer support staff facilitated defamation, this is dismissed because it is barred by the statute of limitations. Ark. Code Ann. § 16-56-104. The Friday firm's staff sent the deposition transcript to Judge Fox's office in June 2024, more than one year prior to the date that Sutter filed suit. Compl. ¶¶ 48, 53–54.

C. State Farm

State Farm's motion to dismiss is granted because neither Harrison nor the Friday firm were its agents. State Farm insured Brenda Knoernschild, so it retained Harrison of the Friday firm to represent her. The hiring of counsel for an insured does not create a principal-agent relationship between the insurer and the lawyer. *See First Am. Carriers, Inc. v. Kroger Co.*, 787 S.W.2d 669, 671 (Ark. 1990) ("when a liability insurer retains a lawyer to defend an insured, the insured is the lawyer's client.") (quoting ABA Comm. on Ethics and Prof'l Responsibility, Informal Op. 1476 (1981)). Although Sutter alleges that State Farm was directly involved in Harrison's actions, the complaint lacks specific facts showing that State Farm engaged in any acts creating an agency relationship with Harrison.

Even if there was a principal-agent relationship, the claims against Harrison and the Friday firm have been dismissed. Consequently, the claims against State Farm must be dismissed. *Magrans*, 616 S.W.3d at 673.

D. Judge Fox

*1. Individual Capacity*

Judge Fox's motion to dismiss the individual capacity claims is denied. Judge Fox asserts absolute immunity for Sutter's claims against him. Judges are immune from suit except in two narrow circumstances: (1) when their actions fall outside of their judicial capacity, and (2) when they take actions in the complete absence of jurisdiction. *Justice Network Inc. v. Craighead Cnty.*, 931 F.3d 753, 760 (8th Cir. 2019). In determining whether Judge Fox's actions were within his judicial capacity, "the nature and function of the act[s],

not the acts [themselves]," are examined, and this requires an analysis of factors such as whether the acts are those normally performed by judges, the expectations of the parties, and whether the parties dealt with the judge in his judicial capacity. *Id.* (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)).

Following Judge Fox's recusal, he responded to Sutter's FOIA request by stating that Sutter committed a felony, engaged in misogynistic behavior, bullied court staff, and exhibited numerous ethical concerns. Compl., Ex. A at 1–2. He also directed Sutter to disseminate copies of the FOIA response to all of his clients with cases before Judge Fox. *Id*. at 3. He sent the FOIA response to Sutter's opposing counsel, state prosecutors, judges, and justices. *Id*.

Judge Fox is not immune because his response to Sutter's FOIA request was not made within his judicial function. Although Judge Fox's response states that, as the Sixth Division Circuit Court Judge, he is the "custodian and person with administrative control of all such records," *id*. at 1, responding to FOIA requests is not typically considered a judicial function. Ark. Code Ann. § 25-19-105(a)(3) (2025); *Fox v. Perroni*, 188 S.W.3d 881, 890 (Ark. 2004) (holding Judge Fox was the FOIA custodian, not because he is a judge, but because he "is the public official charged with the responsibility of managing affairs and conduct of his office."). Responding to FOIA requests is also not an activity reserved solely to judges but rather to persons in administrative control of records. Ark. Code Ann. § 25-19-103(2)(A) (2025). It is therefore quite reasonable for a party seeking records to expect that he is dealing with a records custodian, not someone acting in a judicial capacity. Moreover, since Judge

Fox recused himself, he no longer had any judicial responsibilities in the *Pfeiffer* case, but was merely the person with "administrative control" over the records. Viewing the record in the light most favorable to Sutter, Judge Fox's motion to dismiss is denied because Sutter has plausibly alleged that Judge Fox was not acting in his judicial capacity, which is sufficient to overcome judicial immunity at this stage.

To the extent that Sutter alleges claims against Judge Fox for the contents of his recusal order or the order in *Argenta Community Theatre v. Stage 13 Foundation for Performing Arts, Inc*., Pulaski County Circuit Court Case No. 60CV-25-10601, Judge Fox is immune because issuing orders is a judicial act. *See Mireles*, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice . . . .").

Judge Fox's motion to dismiss Sutter's claims for declaratory relief is denied because Sutter has plausibly alleged that Judge Fox was not acting in his judicial capacity. *Just. Network Inc.*, 931 F.3d at 763 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted . . . .") (citing 42 U.S.C. § 1983) (emphasis added).

*2. Official Capacity*

Judge Fox's motion to dismiss Sutter's official capacity claims is granted because those claims are essentially claims against the State of Arkansas, and the state is immune from suit. *See Brockinton v. City of Sherwood*, *Ark.*, 503 F.3d 667, 674 (8th Cir. 2007) ("A suit against a governmental actor in his official capacity is treated as a suit against the governmental entity itself."). Sutter argues the *Ex parte Young* exception applies, which is

a narrow exception "allow[ing] certain private parties to seek judicial orders in federal courts preventing state *executive* officials from enforcing state laws that are contrary to federal law." *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021) (emphasis added). This argument is not convincing because *Ex parte Young* typically applies to state executive officials and "does not normally permit federal courts to issue injunctions against state-court judges." *City of Sherwood*, *Ark.*, 503 F.3d at 674.

*3. State FOIA Claim*

Judge Fox's motion to dismiss Sutter's FOIA claim against him in his official capacity is granted because sovereign immunity bars it. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law."). Judge Fox's motion to dismiss Sutter's FOIA claim against him in his individual capacity is denied because supplemental jurisdiction is properly exercised over this claim. 28 U.S.C. § 1367.

IV. CONCLUSION

For these reasons, the motions to dismiss filed by Michael Harrison, the Friday Firm, and State Farm are granted. The motion to dismiss filed by Judge Timothy Fox is granted as to the official capacity claims and denied as to the individual capacity claims. Luther Sutter's claims against Michael Harrison; Friday, Eldridge & Clark; and State Farm are

dismissed without prejudice.

IT IS SO ORDERED this 22nd day of September, 2026.

UNITED STATES DISTRICT JUDGE